# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARRY SCHOTZ, ) | |
| ) | No. 06 C 3540 |
| Movant, ) | |
| ) | |
| v. ) | Honorable Charles R. Norgle |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Barry Schotz's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant challenges his conviction for wire fraud under 18 U.S.C. § 1343. For the reasons stated below, the motion is denied.

## I. BACKGROUND

### A. Facts

On May 17, 2005, the government returned a one-count information charging Movant Barry Schotz ("Schotz") with wire fraud under 18 U.S.C. § 1343. Specifically, the government alleged that Schotz defrauded 55 investors of over $5,000,000.00 through the fraudulent operation of a commodities trading firm. Between August 2001 and September 2004, Schotz misappropriated over $1,600,000.00 in fees from investors for his own personal use, and misrepresented his experience and knowledge in the commodities market to the detriment of his victims. When Schotz executed trades that lost money, he provided his victims with fraudulent account statements that falsely showed that Schotz had turned a profit, and failed to disclose the misappropriation of the investor's funds.

In order to conceal the losses and misappropriations, Schotz stole the identity of an individual investor, and applied for a credit card on behalf of Schotz's trading firm. Schotz then used this credit card for personal and business use, and eventually used client funds to pay over $355,000.00 in credit card bills.

On June 3, 2005, Schotz pled guilty to the information pursuant to the terms of a plea agreement with the government. The plea agreement stated that the government would argue that the loss amount applicable to the offense, for sentencing purposes, was more than $2,500,000.00 but less than $7,000,000.00, and that Schotz's criminal history category was III. In addition, the plea agreement stated that the criminal history guideline calculations were preliminary, and subject to change to account for new facts after entry of the guilty plea:

> Defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. Defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

Gov.'s Resp., at 2; Plea Agmnt., ¶ 6(j). Finally, on August 30, 2005 the court sentenced Schotz to a term of 189 months imprisonment. Schotz never filed a direct appeal.

**B. Procedural History**

On June 29, 2006, Schotz filed the present collateral attack on his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Specifically, Schotz claims that he received ineffective assistance of counsel because: (1) Counsel failed to seek enforcement of the term of the plea agreement noting that Schotz had a criminal history category of III; (2) Counsel

2

failed to "verify and challenge appropriately" Schotz's criminal history category at sentencing; and (3) Counsel failed to appeal the sentence. The Government filed its Response on October 2, 2006, and Schotz Replied on October 31, 2005. The Motion under § 2255 is fully briefed and before the court.

## II. ANALYSIS

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. See Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995). The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'"

3

McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Schotz's motion.

## B. Ineffective Assistance of Counsel Claims

A claim of ineffective assistance of counsel can be raised for the first time in a § 2255 petition. See Massaro v. United States, 538 U.S. 500, 509 (2003); Richardson v. United States, 379 F.3d 485, 486 (7th Cir. 2004). The court evaluates such a claim under the principles set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim his counsel was ineffective, below the standard required by the Sixth Amendment, Schotz must demonstrate that his counsel's representation was objectively deficient and that the deficient representation prejudiced him. See Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002) (citing Strickland, 466 U.S. at 688). "[T]his test applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

4

Where an attorney ignores a defendant's specific request and fails to initiate or prosecute an appeal, that conduct is professionally unreasonable, and prejudice is presumed. See id.; see also Kitchen v. United States, 227 F.3d 1014, 1021 (7th Cir. 2000).

A section 2255 motion claiming ineffective assistance of counsel typically requires the submission of evidence that will allow the court to determine whether an evidentiary hearing or ultimate relief is proper. See Galbraith, 313 F.3d at 1009. "[A] hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001). In Galbraith, the Seventh Circuit held that the district court had not erred in denying a section 2255 motion alleging ineffective assistance of counsel in the complete absence of evidence supporting the allegation. See Galbraith, 313 F.3d at 1009. The Seventh Circuit noted that, before the district court, the appellant "present[ed] no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim." Id.

## C. Schotz's Motion under 2255

### 1. Counsel's failure to seek enforcement of paragraph 6(i) of plea agreement

Schotz's first claim is that his counsel was ineffective as a result of his failure to enforce paragraph 6(i) of the Plea Agreement. In regards to this claim, Schotz has failed to provide the court with any evidence in order to meet the high burden to establish the ineffectiveness of his counsel. Schotz argues that "counsel failed to seek the enforcement of such term of the plea agreement" with respect to the notation that Schotz had a criminal history category of III. See Mov.'s Mot. Under § 2255, at 4. However, paragraph 6(i) of the plea agreement does not create

any rights which could be enforced. The very next paragraph of the plea agreement states that the calculation of Schotz's criminal history is merely preliminary, and subject to change as new facts are discovered. As a result, there was no specific agreement that Schotz would be classified under a criminal history category III for purposes of sentencing. Therefore, his counsel could not have been ineffective for failing to enforce a "right" that did not exist.

### *2. Counsel's failure to challenge the criminal history calculation at sentencing*

Schotz's second claim is that his counsel failed to challenge the criminal history calculation at sentencing by not obtaining Schotz's Pre-Sentencing Reports ("PSRs") from his two prior convictions in Fresno and Sacramento for tax obstruction conspiracy and mail fraud. Specifically, Schotz argues that had counsel obtained these PSRs, the court would have considered this prior cases "related" for purposes of sentencing. However, at the time the Court concluded that Schotz's prior convictions were not related, it had consulted the Judgment and Conviction Orders and plea agreement for both of his previous cases. The court reviewed these documents, as well as the PSR for the current case. It was the court's finding that the prior sentences did not arise from "related cases." As a result, there was no reason, given these facts, for Schotz's counsel to search for other documents, which may have had little to no bearing on the court's decision.

Moreover, "isolated errors do not constitute ineffective assistance if the attorney's work product taken as a whole demonstrates competence." Rutledge v. United States, 230 F.3d 1041, 1053 (7th Cir. 2000). Therefore, even if counsel's alleged failure to obtain any prior PSRs from Sacramento or Fresno can be construed as an error, it cannot constitute ineffective assistance of counsel, based on his overall representation of Schotz at the trial level. The court notes that

Schotz could have brought these arguments on direct appeal. These claims are nothing more than a re-argument of allegations that Schotz had brought forth at the trial level.

### *3. Counsel's failure to file a notice of appeal*

Lastly, Schotz alleges that his counsel was ineffective for his failure to file a notice of appeal. Schotz only submits his affidavit in support of this claim, without further evidence. Conversely, Schotz's former counsel, James Koch ("Koch") states in his affidavit that Schotz did not request that counsel file an appeal, and requested that Koch sign a false affidavit. See Gov.'s Resp., at 9, Ex. 1. However, Schotz is required to submit additional evidence, independent of his own unsupported allegations, in order to form an ineffective assistance of counsel claim. See United states v. Hodges, 259 F.3d 655, 660 (7th Cir. 2001). Here, Schotz's affidavit, standing alone, is insufficient to warrant an evidentiary hearing, let alone the granting of a Motion Under § 2255. See Bruce, 256 F.3d at 597.

### III. CONCLUSION

For the foregoing reasons, Barry Schotz's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 11-20-06